# United States Court of Appeals
# for the Fifth Circuit

No. 23-10486
CONSOLIDATED WITH
No. 23-10496

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARMANDO ORDONEZ-DOMINGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 2:22-CR-129-1, 2:22-CR-117-1

Before WILLETT, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Armando Ordonez-Dominguez was sentenced to 37 months of imprisonment and three years of supervised release following his guilty plea and conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He appeals his sentence and argues for the first time on appeal that § 1326(b) is unconstitutional because it permits a defendant to be

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentenced above the statutory maximum of § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He does not appeal the revocation of his supervised release or his revocation sentence.

Ordonez-Dominguez correctly concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). He raises the issue to preserve it for Supreme Court review. The Government has moved, without opposition, for summary affirmance, or in the alternative, for an extension of time to file a brief on the merits.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's unopposed motion for summary affirmance is GRANTED, and the district court's judgments are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.